UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
At Chattanooga

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    No. 1:11-cr-26
    Judge Collier

MATTHEW DAVID CORRELL,

    Defendant.

## MOTION FOR DOWNWARD DEPARTURE AND SENTENCING MEMORANDUM

Defendant Matthew David Correll, through undersigned counsel, hereby respectfully requests this Honorable Court to consider the following information and grant a downward departure based upon U.S.S.G. § 5K2.20, Aberrant Behavior. This departure, along with the consideration of the sentencing factors found in 18 U.S.C. § 3553(a), support a sentence of probation in this case.

**A Downward Departure for Aberrant Behavior is Applicable in this Case**

Pursuant to the Guidelines in this case, Mr. Correll's range is 0 to 6 months. It is notable that his criminal history is zero. The Sentencing Reform Act, 28 U.S.C. § 994(j) directed the Sentencing Commission to consider probation for first offenders not convicted of serious offenses. It ordered the Commission to "insure that the guidelines reflect the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense..." *Id.* Accordingly, the Commission created a departure for aberrant behavior.

Specifically, the Guidelines authorize a downward departure when "the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from

an otherwise law-abiding life." U.S.S.G. § 5K2.20. There are stated circumstances under which this departure is prohibited, but those circumstances do not apply in this case. *Id.*

In the instant offense, Mr. Correll worked on a crew that measured electrical cables. On the particular job given rise to the charge against him, the crew was suppose to take certain micrometer readings to be used to select the proper splicing kit to protect the spliced wires. This part of the job description was not properly included in the step by step work order that the crew took down with them. They conducted the work on the work order in an asbestos area where an asbestos suit and respirator had to be worn. The temperatures were over 100 degrees. Upon completion of the work order, during the time when the paperwork was being completed, it was discovered that these certain micrometer readings were suppose to have been taken. Mr. Correll took this discovery to his supervisor who instructed Mr. Correll to fill in the paperwork with the further instruction to "hurry up and get it done," intimating that to dress out and go back down to make the measurements would take too long. Upon this direction, and in fear of being insubordinate, Mr. Correll took and filled out the form falsely. His conduct occurred over an hour or two. His conduct never reoccurred. Finally, it was Mr. Correll's understanding that the wiring was all about to be removed and rewired and that new measurements would need to be taken on the new wiring for the correct splicing.

As required under U.S.S.G. § 5K2.20, Mr. Correll's actions were spur of the moment and took a limited amount of time to complete. *United States v. Carson*, 560 F.3d 566, 590 (6th Cir. 2009), citing *United States v. Bueno*, 443 F.3d 107, 1023 (8th Cir. 2005)(("The offense must have been more than something out of the defendant's character; it must have been a spontaneous and thoughtless act."). Additionally, a large number of people have submitted letters on Mr. Correll's behalf. Each letter reflects the out of character behavior of Mr. Correll's conduct. Each letter also

2

reflects a great deal of support and care for Mr. Correll. These letters also show that the conduct was a "marked deviation" from a previously law abiding life. Further, the conduct involved no serious bodily injury or death, firearms or drugs, and Mr. Correll has no criminal history, countable or otherwise. Based on this information, Mr. Correll qualifies for a downward departure for Aberrant Behavior.

Finally, the Court should note some other particular characteristics of Mr. Correll. He immediately cooperated with law enforcement when inquiry into this incident was made. He continued to be cooperative and accept responsibility for his actions throughout this process, and has genuine remorse for his actions and an understanding of the harm done. He is a humble man who has complied completely with his release status during the pendency of this case. He has worked hard to find new employment and has now been successful at that. As a result of his actions on that date in August, he will never again work in any nuclear related work, a job which he loved and was good at. He is now a felon and will lose civil rights which he has exercised throughout his life and which are important to him. He enjoys the tremendous support of his wife and family and friends.

WHEREFORE, for all these reasons, Mr. Correll respectfully requests this Honorable Court to grant him a downward departure based on aberrant behavior and sentence him to probation.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

By: /s/ *Myrlene R. Marsa*
    Myrlene R. Marsa
Assistant Federal Defender
707 Georgia Avenue, Suite 203
Chattanooga, Tennessee 37402
(423) 756-4349

3

Certificate of Service

      I HEREBY CERTIFY that on September 29, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                                /s/ *Myrlene R. Marsa*
                                                Myrlene R. Marsa
                                                Assistant Federal Defender